App. G

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

CASE NO. F95-17381C
SECTION: CF01
JUDGE: Young

THE STATE OF FLORIDA,
　　　　Plaintiff,

v.

DANIEL LUGO,
　　　　Defendant.

AMENDMENT TO
THE RECORDS OF
MOTIONS FOR SANCTIONS
AND INJUNCTIVE RELIEF

Comes Now, Defendant files this amendment, pursuant to Rule 1.190(e), to expand the record on critical and necessary issues and facts directly or embracing, set forth within motions for sanctions and injunctive relief inadvertently omitted by Defendant but recently made aware of its materiality to further support requests of said motions and right to expect this Court to dutifully abide by applicable canons of ethics prior to any scheduled evidentiary

hearing. See Southeast Bank, N.A. v. Capua, 584 So.2d 101, 103 (Fla. App. 3 Dist. 1991); In Re Inquiry Concerning A Judge, Etc., 357 So. 2d 172, 180 (Fla. 1978)("There can be no condonation of judicial failure to follow the law or failure to obey the impartiality and objectivity required by the Code of Judicial Conduct..."); In Re LaMotte, 341 So. 2d 513, 517-518 (Fla. 1977). The addition is as follows:

1. To further demonstrate Defendant's attempts for fairness and justice to the fullest extent allowed by law on injuries sustained on September 6, 2005, Defendant informed the United States to further support criminal investigation on noted officials. See attach (A). This is not a case of overzealous advocates who disregarded their sworn duties in the interests of justice. It is a case of officials colluding as common criminals to suppress or conceal material evidence to fraudulently obtain and continuously maintain economic benefit of $1,098,750.00. The United States has allowed Plaintiff to not only falsely maintain economic benefit of around

-2-

$219,750.00 prior to and on September 6, 2005 but also allowed noted state officials and agencies to form "The Deceit Diamond". As these actions by the United States, in effect, aided and abetted acts of misconduct pled within motions for sanctions and injunctive relief, this Court must give it judicial notice and demand appearance of the United States Attorney of Miami or representative in hearings requested by Defendant to explain its role of allowing existence of "The Deceit Diamond", its prejudicial effects on Defendant and integrity of this Court's proceedings on September 6, 2005, and failures of principles of equity, comity, and federalism to alert this Court. See s. 90.201 (2) and s. 90.202(5). In other words, the United States is just as responsible as the Plaintiff for resulting obstruction of justice on the business of this Court and the manifestation of prejudice in the performance of noted officials's duties in or so near this Court whereby Canons 3C(1) and (2) require foregoing request for judicial notice.

- 3 -

2. On August 17, 2005, the United States in joint action with Plaintiff were clearly aware of Defendant's attempts to deter repetitive unconstitutional conducts and sustained injuries continuing into this Court prior to full hearing on September 6, 2005. See Emergency Motion for Temporary Injunction of 99-0418 at Attach (B); No. 4 on page 5 of Motion for injunctive relief at bar. Moreover, prior to August 17, 2005 and supporting claim of the United States knowingly aided and abetted formation of "The Deceit Diamond" and its exacerbating prior sustained injuries to Defendant in this Court on September 6, 2005, Defendant filed request for sanctions in 99-0418 on August 12, 2005. See Attach (C). Therefore, this plainly and obviously supports foregoing request for judicial review. Furthermore, this evinces the latest dates that Defendant attempted to protect his personal state as well as United States and Plaintiff aware of ongoing criminal conspiracy (see pages 23-34 of Attach (C)), its affects on principles of equity, comity,

-4-

and federalism, and failures by the United States Attorney of Miami and interested subordinates (AUSAs Alison W. Lehr and Laura W. Bonn) to seek remedial measures in and so near this Court on it's role in "The Deceit Diamond" in accord with 28 § 530B. See Attach (D).

3. The fabrication of evidence, support by the Plaintiff, and supporting foregoing judicial review as well as facts and requested reliefs set forth within motions for sanctions, injunctive relief, and continuance at bar are located at Attach (E) (underlined portions on pages 3-6) and (F); also, Attach (E) and (F) are identical to (D) and (E), respectively, listed on pages 23 and 25 of Attach (C) of instant pleading.

4. Motion for dismissal of 02620 supports explicit consent as set forth on pages 26-27 of motion for injunctive relief. See Attach (G), paragraph (3).

Defendant respectfully apologizes for any inconvenience to this Court as he was in

-5-

belief that he could expand or supplement records, if needed, with these documents at requested hearings. But, Defendant inadvertedly overlooked the materiality in the furtherance of justice <u>in supporting requests</u> for these hearings and duty of judge to report the occurences' of crimes (fraud, perjury, obstruction of justice, and criminal conspiracy, including its aid and abet. See Martinez v. Winner, 771 F.2d 424 (10th Cir. 1985). Moreover, this pleading does not prejudice Plaintiff for obvious reasons.

Respectfully Submitted,
Daniel Lugo
05-78864 PT305
Dade County Jail
1321 N.W. 13th St.
Miami, Fl 33125

— 6 —

1. In and so near his courtroom thereto as to undermine the integrity and finality of Huff hearings on September 6, 2005.