App. P

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

CASE NO. F95-17381C

THE STATE OF FLORIDA,
    Plaintiff,

v.

DANIEL LUGO,
    Defendant,

NOTICE TO COURT ON
FLORIDA BAR VIOLATIONS
BY STATE OFFICIALS.

The Defendant, Daniel Lugo, files this pro se notice, pursuant to Canon 3D(2), because of continuing, present adverse effects of Florida Bar Violations by State Attorney Katherine Rundle, State Attorneys Gail Levine, David Weinstein, and Steven L. Ellison as well as Assistant Attorney Generals Deborah L. Neveils, Valerie T. Martin, and Sandra S. Jaggard.

1. As a pro se notice and alleged unreasonable prohibition order, counsel was requested to sign this pleading. See page 10.

2. The main thrust of this notice is to provide information to this Court of respective state officials performing and/or supporting function (fraud), refusals to set the record straight and obligations to concede errors, lack of candor to Court, and criminal acts in this Court of continuing objectives of criminal conspiracy of 99-0418-Civ-Graham. These acts of misconduct continued on January 6, 2006.

3. These continuing acts of misconduct require this Court to take appropriate action as it violated substantial Fla. Bar Rules and fraudulently omitted key role in the facts of contributing to the hinderance and deficiencies of counsel Wasson as presented as good cause on January 6, 2006.

4. Moreover, this Court is per se responsible for these continuing acts of misconduct tainting proceedings of January 6, 2006 and prejudice Defendant when the Court allowed itself to be misled by ASA Gail Levine, without the presence of Defendant, on November 17,

-2-

2005 to deny his pro se request for sanctions supported by evidence and overlooked these repeated acts of misconduct that will <u>now</u> result in legal churning as the State cannot hide behind the "correctness" of denial orders of September 6, 2005, November 17, 2005, and January 6, 2006, must concede these errors on appeal, and will be remanded back to this Court. This notice will prevent this legal churning with required action by this Court.

5. This notice renews previously denied request for sanctions as it was continued on January 6, 2006.

6. This notice serves as cause for continuance on evidentiary hearing scheduled for January 23, 2006 pending final resolution of noted misconduct and prevent legal churning.

7. The Defendant adopts here the facts and authorities as set forth within his previously filed pro se pleadings on or around October 10, 2005, November 7, 2005, and November 17, 2005

-3-

as well as Motion for rehearing filed alongside this notice.

8. The Defendant had the right to expect this Court to not only allow Defendant to defend his pro se motions on November 17, 2005 from the incredulous response of ASA Levine but also defend his personal stake of federal cases 99-0418-Civ-Graham, 02-20398-Civ-Marra, and 03-20902-Civ-UUB and its resulting injustice accompanied by continuing, present adverse effects in this Court. Had this Court done so, it would have ceased existence of cognizable danger of repeated violations on January 6, 2006 that unreasonably heightened cause of legal churning and violations of substantial rights of Defendant.

9. The Court has the administrative and enforcement responsibilities to follow the law, efficiency of its courtroom, and of conduct of state officials in and so near its proceedings thereto as to obstruct the administration of justice.

-4-

10. The Defendant has the right to the same laws, court rules, Canons of Judicial Conduct, and their benefits as used by the State to wrongfully convict and sentence to death the Defendant as well as unreasonably using now to wrongfully execute Defendant.

11. The ends of justice requires all taint of acts of misconduct by noted state officials not only to be obliterated but also its' factor as a major cause underlying the good cause presented on January 6, 2006 required the appropriate remedy of relief to amend motion. This notice serves as an alarm bell for the obvious manifest of injustice perpetuated in this Court and its required correction by this Court.

12. Pursuant to the foregoing, the Defendant fully expects the Court to initiate all appropriate actions against noted state officials for violations of federal and state laws, state court rules, and Fla. Bar Rules, respectively, in or so near proceedings

-5-

of this Court thereto as to obstruct the proper administration of justice in accord with Canons 1, 2A, 3B(2), 3C(1) and (2), and 3D(2). Otherwise, this would constitute "actual improprieties" by the Court pursuant to Canon 2A, require the disqualification of trial judge to protect Defendant's life and rights as well as preserve as appellate issue, and cause for continuance of evidentiary hearing in accord with Fuster-Escalona v. Wisotsky, 781 So. 2d 1063, 1065-66 (Fla. 2000).

13. The following state officials violated the Fla. Bar Rules as follows:

A. SA Katherine Rundle - 3-4.1; 3-4.2, 3-4.7; 4-1.13(b); 4-3.8(a) and (c); 4-5.1(b) and (c)(2); 4-8.3(a); and, 4-8.4(a).

B. ASA Gail Levine - 3-4.1; 3-4.2, 3-4.7; 4-1.3; 4-1.13(b); 4-3.1; 4-3.3(a)(1) and (2); 4-3.4(a), (b), (c), (d), and (e); 4-3.5(a); 4-3.8(a) and (c); 4-8.3(a); and 4-8.4(a), (b), (c), and (d).

C. ASA David Weinstein - 3-4.1; 3-4.2; 3-4.7; 4-1.3;

-6-

4-3.8(a) and (c); 4-8.3(a); 4-8.4(a).

D. ASA Steven L. Ellison - 3-4.1; 3-4.2; 3-4.7; 4-1.3; 4-1.13(b); 4-3.1; 4-3.3(a)(1) and (2); 4-3.4(a), (b), and (c); 4-3.5(a); 4-8.3(a); and, 4-8.4(a), (b), (c), and (d).

E. AAG Deborah L. Neveils - 3-4.1; 3-4.2; 3-4.7; 4-1.3; 4-1.13(b); 4-3.1; 4-3.3(a)(2); 4-3.4(a) and (c); 4-3.5(a); 4-5.1(c)(2); 4-8.3(a); and, 4-8.4(a) and (c).

F. AAG Valerie T. Martin - 3:4.1; 3-4.2; 3-4.7; 4-1.3; 4-1.13(b); 4-3.1; 4-3.3(a)(2); 4-3.4(c); 4-5.1(c)(2); 4-8.3(a); and, 4-8.4(a).

G. AAG Sandra S. Jaggard - 3-4.1; 3-4.2; 3-4.7; 4-1.3; 4-1.13(b); 4-3.1; 4-3.3(a)(1), (2), (3), and (4); 4-3.4(a), (b), and (c); 4-3.5(a); 4-5.1(c)(2); 4-8.3(a); and, 4-8.4(a), (b), (c), and (d).

The above violations are supported by the records of this case as well as federal cases 99-0418-Civ-Graham, 02-20398-Civ-Marra, and 03-20902-Civ-UUB.

-7-

14. The Defendant requests a hearing to give judicial notice on noted federal cases and ascertain relevant factors of role of noted state officials in the hinderance and deficiencies of counsel Wasson's failure to recognize the viability of new claims prior to and thereafter April 21, 2005 as follows: (1) continuing, present adverse effects of suppression of violations of Fla. R. Crim. P. 3.220(b)(4) on underlying facts of new claims since June 21, 1995; (2) continuing, present adverse effects of suppression of subordination of Det. Robert Hernandez's perjury of oral consent given to leave Bahamas in attempt to hide ongoing violations of Article 10(d) and 15 of Treaty of The Bahamas as well as Article (36) of the Vienna Convention; (3) continuing, present adverse effects of violation of Fla. R. Crim. P. 3.852(e)(2) on hearings of F95-17385; and, (4) continuing objectives of criminal conspiracy of 99-0418-Civ-Graham on and thereafter state hearing of December 22, 2004.

This hearing should be done before any

evidentiary hearings on postconviction relief.

### Verification

I, Daniel Lugo, the Defendant in this case, do hereby verify that the foregoing Notice to Court on Florida Bar violations by state officials is true and correct, and execute this verification under penalties of perjury on this 13th day of January, 2006.

*Daniel Lugo*
DANIEL LUGO, DEFENDANT

Respectfully Submitted,

*Daniel Lugo*
Daniel Lugo
#05-78864, 9/20
T.G.K.
7000 N.W. 41st St.
Miami, Fl. 33166

## Postconviction Counsel

I, Roy D. Wasson, do hereby certify of reading the foregoing Notice to Court and if required to adopt pursuant to request by the court, then it will be done.

*Roy D. Wasson*
ROY D. WASSON, COUNSEL

## Certificate of Service

I HEREBY CERTIFY that true copies of the foregoing were served via U.S. Mail to: Sandra S. Jaggard, AAG, 444 Brickell Ave., Suite 950, Miami, Fl. 33131-2407; Gail Levine, ASA, 1350 NW 12th Ave., Miami, Fl. 33136-2102; by hand delivery to Hon. David Young, 11th Circuit Court Judge, 1351 NW 12th St., Suite 410, Miami, Fl. 33125 and hand delivered to Roy D. Wasson at T.G.K., 7000 NW 41st St., Miami, Fl. 33166 on this 18th day of January, 2006, respectively.

*Daniel Lugo*
Daniel Lugo

-10-